IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD K. TAYLOR, SR., through his personal representative MELODY K. TAYLOR LINDSEY, MELODY K. TAYLOR LINDSEY, individually, RICHARD K. TAYLOR, JR., DONNETTA TAYLOR,<br><br>        Plaintiffs,<br><br>    vs.<br><br>PATRICIA INGOGLIA, Trustee of the Donald and Patricia Ingoglia Family Trust, ESTATE OF DONALD INGOGLIA, DOE PERSONAL REPRESENTATIVE, DOE DEFENDANTS 1-20,<br><br>        Defendants. | CIVIL NO. 14-00223 HG-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF RICHARD K. TAYLOR, JR.'S MOTION FOR RULE 60 RELIEF FROM JUDGMENT OR ORDER |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF
RICHARD K. TAYLOR, JR.'S MOTION FOR RULE
60 RELIEF FROM JUDGMENT OR ORDER[1]

A hearing was held on Plaintiff Richard K. Taylor, Jr.'s ("Mr. Taylor") Motion for Rule 60 Relief From Judgment or Order ("Motion") on March 7, 2016, at 10:00 a.m. Mr. Taylor appeared telephonically on behalf of himself; Robert John Crudele, Esq. and Francis R. Alcain, Esq. appeared for Plaintiffs

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Richard K. Taylor, Sr., through his personal representative Melody K. Taylor Lindsey, Melody K. Taylor Lindsey, individually, and Donnetta Taylor (collectively "Remaining Plaintiffs"); Randall Y. Yamamoto, Esq. appeared for Defendants; Keith K. Hiraoka, Esq. appeared on behalf of non-party Crudele & De Lima. After carefully considering the arguments of the parties, the supporting and opposing memoranda, declarations, and exhibits attached thereto, the record established in this action, and the relevant legal authority, the Court FINDS and RECOMMENDS that Mr. Taylor's Motion be DENIED.

                              BACKGROUND

     This action arises out of an automobile accident that caused the death of Mr. Taylor's father, Richard K. Taylor, Sr. ECF No. 1.  Mr. Taylor, Melody K. Taylor Lindsey, individually and as the personal representative of Richard K. Taylor, Sr., and Donnetta Taylor sued the estate of the driver of the vehicle that struck the vehicle in which Richard K. Taylor, Sr. was a passenger. Id.  The Taylor family was represented by the law firm Crudele & De Lima. Id.  A Settlement on the Record between all parties was held on August 13, 2014.  ECF No. 17.  Mr. Taylor participated telephonically in the Settlement on the Record. Id. On February 5, 2015, the parties filed a stipulation for dismissal with prejudice of all claims and all parties. ECF No. 20.  Nearly a year later, Mr. Taylor filed the instant Motion, arguing that his counsel, Crudele & De Lima, fraudulently

obtained his signature on a single page document and used it to enter into the settlement agreement without his full consent. ECF No. 21.  Crudele & De Lima subsequently filed a motion to withdraw as counsel for Mr. Taylor, which was granted by the Court on February 11, 2016.  ECF Nos. 24, 26.

It is unclear from Mr. Taylor's Motion whether he argues that the order dismissing this case should be set aside because his former counsel, Crudele & De Lima, improperly distributed his settlement proceeds to others or because counsel fraudulently entered into the settlement agreement without his full knowledge and consent.  ECF No. 21-4 at 3-5.  Mr. Taylor also requests "relief from court costs," which the Court construes as a request to proceed in forma pauperis, and further requests that the Court provide copies and service.  ECF Nos. 21-2, 21-3.  The Remaining Plaintiffs argue that the Motion should be denied because Mr. Taylor participated in mediation, agreed to the final settlement figure, and was present telephonically at the Settlement on the Record.  ECF No. 34-1 at 2-3; see also ECF No. 34-2 ¶¶ 5-9, Declaration of Francis R. Alcain.  Defendants argue that Mr. Taylor acknowledged his agreement to the settlement and that his only dispute relates to the receipt of his share of the proceeds.  ECF No. 28-1, Declaration of Randall Y. Yamamoto.  For the reasons discussed below, the Court FINDS and RECOMMENDS that Mr. Taylor's Motion be DENIED.

ANALYSIS

First, the Court addresses Mr. Taylor's requests to proceed in forma pauperis and for the court to provide free copies and service.  Second, the Court addresses Mr. Taylor's arguments regarding his Rule 60 Motion.  It is not clear from Mr. Taylor's Motion whether he seeks relief under Rule 60 because he disputes the distribution of settlement funds or because he disputes his agreement to the settlement itself.  Although Mr. Taylor represented at the hearing that his argument is that he did not agree to the settlement because he lacked sufficient knowledge of its terms, the Court nonetheless addresses both arguments.

**I.  The Court GRANTS Mr. Taylor's Request to Proceed In Forma Pauperis and DENIES His Request for the Court to Provide Free Copies and Service.**

Under 28 U.S.C. § 1915(a)(1), a litigant may petition the court for authorization to proceed in forma pauperis.  A litigant seeking to proceed in forma pauperis must provide an affidavit that includes a statement of all assets possessed and that the litigant is unable to pay the fees associated with litigating the action.  See 28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."

Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

The granting of in forma pauperis status is only applicable to certain court fees and litigation costs. Generally, filing fees and fees for service of process for the summons and complaint are paid by the Court for persons who have been granted in forma pauperis status. All other costs, including copying fees, are not covered by the granting of in forma pauperis status. See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (denying waiver of witness fees for plaintiff proceeding in forma pauperis).

Here, Mr. Taylor states that he is not employed, has no income, owns no assets, and has a "spendable" total of $12.09 in his prisoner account. See ECF No. 21-2. The Court finds that Mr. Taylor has sufficiently shown his poverty and therefore GRANTS Mr. Taylor's request to proceed in forma pauperis. However, as discussed above, Mr. Taylor's in forma pauperis status does not cover copying fees. Further, there is no filing fee associated with Mr. Taylor's Motion and the only "service" necessary is service under Federal Rule of Civil Procedure 5, which is not covered by in forma pauperis status. See Fed. R. Civ. P. 5; see also Fed. R. Civ. P. 4(c)(3) (providing that the court will provide service of a *complaint* and *summons* for a

5

plaintiff proceeding forma pauperis). Therefore, the Court DENIES Mr. Taylor's request that the court provide free copies and service.

**II. The Court RECOMMENDS That Mr. Taylor's Motion for Rule 60 Relief From Judgment or Order Be DENIED.**

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for mistake, fraud, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (3), (6). As discussed above, the Court will address both arguments presented in Mr. Taylor's Motion.

**A. Mr. Taylor's Motion Should Be Denied to the Extent He Disputes the Distribution of Settlement Proceeds.**

To the extent Mr. Taylor seeks relief under Rule 60 because he disputes the actions of his former attorneys in distributing his settlement proceeds, the Court recommends that his Motion be denied. Mistakes and misconduct by a party's own counsel are "more appropriately addressed through malpractice claims" than through Rule 60. Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1091, 1101 (9th Cir. 2006).

Mr. Taylor included with his Motion a copy of a state court complaint he indicates that he filed against his former counsel, Crudele & De Lima. ECF No. 21-6 at 2. In his state court complaint, Mr. Taylor alleges that Crudele & De Lima

distributed his settlement proceeds to others without his consent.  Id. at 5-6.  Although Mr. Taylor also requested that the state court grant him relief from judgment, much of his complaint is focused on the distributions of his settlement proceeds.  Id. at 5-7, 10-12, 15-20.  Mr. Taylor also included with his Motion a copy of a letter he sent to Crudele & De Lima demanding that his sister, Melody K. Taylor Lindsey, return settlement proceeds that he alleged she had stolen from him.  Id. at 51.  Additionally, the Remaining Plaintiffs have submitted correspondence sent by Mr. Taylor to Crudele & De Lima regarding the distribution of his settlement proceeds.  See ECF Nos. 34-4, 34-5, 34-6, and 34-7.  Many of these documents directly contradict Mr. Taylor's allegations that he did not consent to the distributions because they contain authorizations from Mr. Taylor to distribute his settlement proceeds to his sister and daughter.  See ECF Nos. 34-4, 34-5, 34-6, and 34-7.

　　　　The documents submitted by the parties indicate that the focus of the dispute between Mr. Taylor and his former attorneys is the distribution of Mr. Taylor's settlement proceeds.  Mr. Taylor also reiterated his concerns regarding the distribution of his settlement proceeds at the hearing.  It appears that Mr. Taylor believes that, due to misconduct on the part of his former attorneys, his settlement proceeds were distributed to others without his consent.  See ECF No. 21-6 at 5-7, 10-12, 15-20, 51.  Because attorney mistakes and misconduct

are more appropriately handled through malpractice claims, to the extent Mr. Taylor challenges the way settlement funds were distributed based on alleged misconduct by his former attorneys, his Motion should be DENIED.  See Latshaw, 452 F.3d at 1101.

**B.  Mr. Taylor's Motion Should Be Denied to the Extent He Argues That He Did Not Agree to the Settlement.**

To the extent Mr. Taylor argues that he did not agree to the settlement, relief under Rule 60 should be denied. Although Mr. Taylor does not argue that any particular subsection of Rule 60 applies here, the Court examines his argument under the subsections of Rule 60 relating to mistake, fraud, and any other reason that justifies relief.  See Fed. R. Civ. P. 60(b)(1), (3), (6).

**1.  Mr. Taylor Has Failed to Show That Relief Should be Granted Under Rule 60 Due to Mistake**.

Where a party seeks relief under Rule 60 for "mistake," they are "bound by and accountable for the deliberate actions of themselves and their chosen counsel," including careless or negligent mistakes by counsel as well as attorney misconduct. Latshaw, 452 F.3d at 1101.  The Court finds that Mr. Taylor fails to show that relief should be granted under Rule 60 for mistake.

Mr. Taylor argues in his Motion that he was not aware that Crudele & De Lima used his signature to enter into a settlement agreement.  ECF No. 21-4 at 4.  He asserts that he was

sent two copies of a single page document for him to sign on January 9, 2015.  Id. at 3-4.  It appears that the single page that Mr. Taylor alleges he received is the signature page for the settlement agreement that was executed by the parties.  Compare ECF No. 48-2 at 7 with ECF No. 43 at 52.  Mr. Taylor acknowledges that he signed and returned the document the same day.  ECF No. 21-4 at 4.  The record shows that Mr. Taylor was present telephonically at the Settlement on the Record held on August 13, 2014.  ECF No. 17.  Counsel for the Remaining Plaintiffs states that Mr. Taylor participated in the mediation and agreed to the final settlement amount.  ECF No. 34-2 ¶¶ 5-7.  Additionally, as discussed above, both parties have submitted correspondence exchanged between Mr. Taylor and his former attorneys regarding the distribution of his portion of the settlement proceeds, thus indicating that he knew of and accepted the settlement.  See ECF Nos. 34-4, 34-5, 34-6, and 34-7.  Finally, at the hearing Mr. Taylor acknowledged that he was aware of, and did not oppose, the material terms of the settlement.

     The fact that Mr. Taylor participated in the mediation and the Settlement on the Record and was corresponding with counsel about how to distribute his portion of the settlement proceeds undercuts any argument that Mr. Taylor mistakenly signed the document sent to him by Crudele & De Lima.  Mr. Taylor argued at the hearing that, while he did agree to settle the case and was satisfied with the settlement amount, he did not intend to

agree to all the terms of the final settlement because he was never informed of them.[2] However, even accepting Mr. Taylor's argument that he was unaware of the exact terms of the settlement because counsel sent him only one page of the settlement agreement without explanation, Mr. Taylor is "bound by and accountable for the deliberate actions of [himself] and [his] chosen counsel." Latshaw, 452 F.3d at 1101. The signing and returning of the document constituted a deliberate act, and any alleged attorney misconduct does not provide grounds for relief under Rule 60. Id. at 1101. As discussed above, such attorney misconduct is "more appropriately addressed through malpractice claims." Id. Therefore, the Court finds that to the extent Mr. Taylor seeks relief under Rule 60 for mistake, his Motion should be DENIED.

The Court also notes that Mr. Taylor and the Remaining Plaintiffs have submitted conflicting versions of the letter that Mr. Taylor alleges accompanied the single page of the settlement agreement that he was asked to sign. Compare ECF No. 43 at 3 with ECF No. 48-2 at 7. The version submitted by Mr. Taylor

---

[2] On February 25, 2016, Mr. Taylor filed an Opposition to the Remaining Plaintiffs' Ex Parte Motion to File Under Seal Exhibit "A"–"B" of the Declaration of Amy Bautista, which the Court previously granted on February 22, 2016. See ECF No. 33, 40, 46. The Court notes that Mr. Taylor's Opposition is untimely under Local Rule 83.12(b). However, even if Mr. Taylor's Opposition was not untimely, the Court found compelling reasons to seal the exhibits because they were confidential settlement documents and Mr. Taylor's Opposition fails to overcome those compelling reasons.

indicates that he should find enclosed "Two(2) **page** Settlement, Mutual Release and Indemnity Agreement."  ECF No. 48-2 at 7 (emphasis added) (ending punctuation in original).  The version submitted by the Remaining Plaintiffs indicates that Mr. Taylor should find enclosed "Two(2) **FINAL** Settlement, Mutual Release and Indemnity Agreement".  ECF No. 43 at 3 (emphasis added).  It also appears that the text "Settlement, Mutual Release and Indemnity Agreement," does not align with other text in the document submitted by Mr. Taylor.  ECF No. 48-2 at 7; see also ECF No. 52-3 at 4.  Remaining Plaintiffs also point out that there is incorrect punctuation following "Settlement, Mutual Release, and Indemnity Agreement," at both places the text appears in the document submitted by Mr. Taylor.  ECF No. 52-3 at 4; compare ECF No. 43 at 3 with ECF No. 48-2 at 7.  While the Court does not rely on the conflict between these documents to reach its recommendation, the Court cautions the parties that falsification of documents submitted to the Court is a serious matter.

      **2.  Relief Cannot be Granted Under Rule 60 for Fraud by a Party's Own Attorney.**

      Mr. Taylor argues that his former counsel fraudulently entered into the settlement agreement in this case without his knowledge.  ECF No. 21-4 at 4-5.  However, the "fraud" subsection of Rule 60 only applies to fraud committed by an opposing party.  Fed. R. Civ. P. 60(b)(3); see Latshaw, 452 F.3d at 1102 (holding

that Rule 60(b)(3) does not apply to fraud committed by an attorney against her own client) (citing In re Grantham Bros., 922 F.2d 1438, 1442-43 (9th Cir. 1991)).  Because Mr. Taylor argues that the fraud was committed by his own attorneys, the Court finds that relief cannot be granted under Rule 60 for fraud.

> **3. Mr. Taylor Has Failed to Show That There is Any Other Reason That Justifies Relief Under Rule 60.**

Relief under Rule 60 may be granted for any reason that justifies relief, however this kind of relief is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." U.S. v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  The Court finds that Mr. Taylor fails to show that relief should be granted under Rule 60(b)(6), which authorizes relief for "any [ ] reason that justifies relief."  Fed. R. Civ. P 60(b)(6).

Mr. Taylor argues that his signature was used without his knowledge to enter "into agreements with fraud or deception with others, and with courts."  ECF No. 21-4 at 5.  "Acts of 'fraud on the court' can sometimes constitute extraordinary circumstances meriting relief under Rule 60(b)(6)."  Latshaw, 452 F.3d at 1104 (citing In re Intermagnetics Am., Inc., 926 F.2d

912–916-17 (9th Cir. 1991)).  However, there is a high burden on the party seeking relief based on fraud on the court, and "in order to provide grounds for relief, the fraud must 'involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" Id. at 1104 (quoting Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir. 1988)).  Here, no fraud on the court was committed.  As discussed above, a Settlement on the Record was held on August 13, 2014, which Mr. Taylor attended telephonically.  ECF No. 17.  Further, counsel for the Remaining Plaintiffs states that Mr. Taylor was aware of, and agreed to, the final settlement.  ECF No. 32 ¶¶ 5-7.  Based on the record, there is no indication that any of the parties were attempting to unconscionably influence the court's discretion in dismissing this case.  Mr. Taylor has failed to meet the high burden necessary to show that there was fraud on the court warranting relief under Rule 60.  Therefore, the Court finds that relief should not be granted under Rule 60.

       Because Mr. Taylor has failed to show that relief is warranted under Rule 60, the Court RECOMMENDS that Mr. Taylor's Motion be DENIED.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff Richard K. Taylor, Jr.'s Motion for Rule 60 Relief From Judgment or Order be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 10, 2016.



Richard L. Puglisi
United States Magistrate Judge

**TAYLOR, ET AL. V. INGOGLIA, ET AL.; CIVIL NO. 14-00223 HG-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF RICHARD K. TAYLOR, JR.'S MOTION FOR RULE 60 RELIEF FROM JUDGMENT OR ORDER**